

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-07-383-CV

BRUCE LANDY AND RUTH LANDY                    APPELLANTS

V.

SHEPPARD'S EDGE APARTMENTS, LTD.                    APPELLEE

------------

FROM THE 89TH DISTRICT COURT OF WICHITA COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellants Bruce Landy and Ruth Landy ("Bruce" and "Ruth," respectively) assert in a single issue that the trial court lacked jurisdiction over this forcible detainer action. We vacate the trial court's judgment and dismiss this appeal for want of jurisdiction.

---

[1] *See* Tex. R. App. P. 47.4.

Bruce and Ruth were married in December 1980. Before and throughout the marriage, Bruce, individually and through a limited partnership, acquired ownership interests in Normandy Apartments. In February 2006, Ruth filed a divorce action against Bruce. At that time, Bruce and Ruth resided in Normandy Apartments, with Bruce occupying apartment 12F (the "Apartment") and Ruth occupying apartment 7E.

At some point during the marriage, Bruce agreed to sell Normandy Apartments to appellee Sheppard's Edge Apartments, Ltd. ("Sheppard's Edge"). This sale closed in July 2006.

In March 2007, Sheppard's Edge gave written notice to Bruce to vacate the Apartment. When Bruce refused, Sheppard's Edge filed a forcible detainer action in the justice court against Bruce and "all other occupants" of the Apartment. On November 1, 2006, the justice court signed a "Judgment Eviction" and granted Sheppard's Edge possession of the Apartment.

Ruth appealed the justice court decision to the 89th Judicial District Court (the "trial court"). Bruce, however, did not appeal.

2

On October 3, 2007, on de novo review, the trial court entered a final judgment holding that Sheppard's Edge was entitled to possession of the Apartment.[2] Bruce and Ruth appealed to this court.

In a single issue, Bruce and Ruth contend that, because it was not possible for the justice court to resolve the issue of right of possession without also resolving a title dispute, neither the justice court nor the trial court had jurisdiction.[3] We do not reach this issue because we conclude that the trial court never obtained jurisdiction in this case to conduct a de novo appeal from the justice court's eviction order.[4]

The Texas Property Code authorizes forcible detainer actions against persons who refuse to surrender possession of real property when demanded to do so by one entitled to possession.[5] Jurisdiction over forcible detainer

---

[2] The judgment also included monetary awards not important to this appeal.

[3] *See* Tex. R. Civ. P. 746; *see also, e.g.*, *Dormady v. Dinero Land & Cattle Co.*, 61 S.W.3d 555, 557 (Tex. App.—San Antonio 2001, no pet.) (holding that justice court does not have jurisdiction over forcible detainer action when title issue is "so intertwined" with possession issue that "possession may not be adjudicated without first determining title").

[4] *See, e.g.*, *Geldard v. Watson*, 214 S.W.3d 202, 205–06 (Tex. App.—Texarkana 2007, no pet.) (raising issue of lower court's jurisdiction over forcible detainer action sua sponte).

[5] Tex. Prop. Code Ann. §§ 24.002, 24.0051, 24.0061 (Vernon 2000 & Supp. 2008).

actions lies first with the justice courts, and then, by way of de novo appeal, with the county court or other court having jurisdiction of the appeal.[6]

"Under Texas jurisprudence, an appeal can generally only be brought by a named party to the suit."[7] Ruth attempted to invoke the trial court's jurisdiction by filing an appeal from the justice court's eviction order and posting a cash bond, but she was not a named party to the justice court action. Accordingly, unless her appeal fit within some exception to the general rule, Ruth lacked standing to appeal from the justice court to the trial court.[8]

Ruth purported to appeal the eviction order "in her capacity as an occupant." However, she admitted during the de novo trial in the trial court that she did not occupy the Apartment. Accordingly, she lacked standing to

---

[6] *See* Tex. Gov't Code Ann. § 27.031(a)(2) (Vernon Supp. 2008); Tex. Prop. Code Ann. § 24.004 (Vernon 2000). "In forcible detainer cases, an appeal of the justice court's judgment is brought in the county court of the county in which the judgment is rendered. *See* Tex. R. Civ. P. 749. In this case, the district courts of Wichita County have the civil jurisdiction of a county court. *See* Tex. Gov't Code Ann. §§ 24.132, 24.180 (Vernon 1988)." *Cattin v. Highpoint Village Apartments*, 26 S.W.3d 737, 738 n.2 (Tex. App.—Fort Worth 2000, pet. dism'd w.o.j.).

[7] *City of San Benito v. Rio Grande Valley Gas Co.,* 109 S.W.3d 750, 754–55 (Tex. 2003).

[8] *Id.*; *see also Kaminetzky v. Dosohs I, Ltd.*, No. 14-03-00567-CV, 2004 WL 1116960, at *4 (Tex. App.—Houston [14th Dist.] May 20, 2004, no pet.) (Mem. Op.) (holding that individual and four corporate defendants lacked standing to appeal from justice court and county court decisions in forcible detainer action because they were not parties in justice court).

appeal the justice court's eviction order as an occupant, and the trial court, therefore, lacked jurisdiction over her claims.

Bruce, on the other hand, did not file an appeal to the trial court from the justice court's eviction order or post a cash bond.[9]  While the trial court may have had jurisdiction over Bruce's claims had Ruth properly invoked the trial court's jurisdiction,[10] Bruce's failure to perfect an appeal from the justice court order left the trial court without jurisdiction over his claims.

Because neither Bruce nor Ruth properly invoked the trial court's jurisdiction, the justice court's eviction order became final, and the trial court had no jurisdiction to conduct a de novo appeal.  Accordingly, we vacate the trial court's final judgment and dismiss this appeal for want of jurisdiction.

PER CURIAM

PANEL:  CAYCE, C.J.; GARDNER and WALKER, JJ.

DELIVERED:  November 20, 2008

---

[9] *See* Tex. R. Civ. P. 749 (providing procedure to appeal from justice court decision in forcible detainer action).

[10] *Cf.* Tex. R. App. P. 25.1(b) ("The filing of a notice of appeal by any party invokes the appellate court's jurisdiction over all parties to the trial court's judgment or order appealed from.").