COURT
OF APPEALS

                                         SECOND
DISTRICT OF TEXAS

                                                     FORT
WORTH

 

 

                                           NO.
2-07-383-CV

 

 

BRUCE LANDY AND RUTH LANDY                                       APPELLANTS

 

                                                      V.

 

SHEPPARD=S EDGE APARTMENTS, LTD.                                   APPELLEE

 

                                                  ------------

 

              FROM
THE 89TH DISTRICT COURT OF WICHITA COUNTY

 

                                                  ------------

 

                                  MEMORANDUM
OPINION[1]

 

                                                  ------------

Appellants Bruce Landy and
Ruth Landy (ABruce@ and ARuth,@ respectively) assert in a single issue that the trial court lacked
jurisdiction over this forcible detainer action.  We vacate the trial court=s judgment and dismiss this appeal for want of jurisdiction.








Bruce and Ruth were married
in December 1980.  Before and throughout
the marriage, Bruce, individually and through a limited partnership, acquired
ownership interests in Normandy Apartments. 
In February 2006, Ruth filed a divorce action against Bruce.  At that time, Bruce and Ruth resided in
Normandy Apartments, with Bruce occupying apartment 12F (the AApartment@) and Ruth
occupying apartment 7E. 

At some point during the
marriage, Bruce agreed to sell Normandy Apartments to appellee Sheppard=s Edge Apartments, Ltd. (ASheppard=s Edge@). This sale closed in July 2006. 

In March 2007, Sheppard=s Edge gave written notice to Bruce to vacate the Apartment.  When Bruce refused, Sheppard=s Edge filed a forcible detainer action in the justice court against
Bruce and Aall other
occupants@ of the
Apartment.  On November 1, 2006, the
justice court signed a AJudgment
Eviction@ and granted Sheppard=s Edge possession of the Apartment. 

Ruth appealed the justice
court decision to the 89th Judicial District Court (the Atrial court@).  Bruce, however, did not appeal.








On October 3, 2007, on de
novo review, the trial court entered a final judgment holding that Sheppard=s Edge was entitled to possession of the Apartment.[2]  Bruce and Ruth appealed to this court.  

In a single issue, Bruce and
Ruth contend that, because it was not possible for the justice court to resolve
the issue of right of possession without also resolving a title dispute,
neither the justice court nor the trial court had jurisdiction.[3]  We do not reach this issue because we
conclude that the trial court never obtained jurisdiction in this case to conduct
a de novo appeal from the justice court=s eviction order.[4]








The Texas Property Code
authorizes forcible detainer actions against persons who refuse to surrender
possession of real property when demanded to do so by one entitled to
possession.[5]  Jurisdiction over forcible detainer actions
lies first with the justice courts, and then, by way of de novo appeal, with
the county court or other court having jurisdiction of the appeal.[6]

_Under Texas jurisprudence, an appeal can generally only be brought by
a named party to the suit._[7]  Ruth attempted to invoke the
trial court=s
jurisdiction by filing an appeal from the justice court=s eviction order and posting a cash bond, but she was not a named
party to the justice court action. 
Accordingly, unless her appeal fit within some exception to the general
rule, Ruth lacked standing to appeal from the justice court to the trial court.[8]








Ruth purported to appeal the
eviction order Ain her
capacity as an occupant.@  However, she admitted during the de novo
trial in the trial court that she did not occupy the Apartment.  Accordingly, she lacked standing to appeal
the justice court=s eviction
order as an occupant, and the trial court, therefore, lacked jurisdiction over
her claims.

Bruce, on the other hand, did
not file an appeal to the trial court from the justice court=s eviction order or post a cash bond.[9]  While the trial court may have had
jurisdiction over Bruce=s claims had
Ruth properly invoked the trial court=s jurisdiction,[10]
Bruce=s failure to perfect an appeal from the justice court order left the
trial court without jurisdiction over his claims.

Because neither Bruce nor
Ruth properly invoked the trial court=s jurisdiction, the justice court=s eviction order became final, and the trial court had no jurisdiction
to conduct a de novo appeal. 
Accordingly, we vacate the trial court=s final judgment and dismiss this appeal for want of jurisdiction.

 

PER CURIAM

 

PANEL:  CAYCE, C.J.; GARDNER and WALKER, JJ.

 

DELIVERED:  November 20, 2008                                     

 











[1]See Tex.
R. App. P. 47.4.





[2]The
judgment also included monetary awards not important to this appeal.





[3]See Tex.
R. Civ. P. 746; see also, e.g., Dormady v. Dinero Land & Cattle
Co., 61 S.W.3d 555, 557 (Tex. App.CSan Antonio 2001, no pet.)
(holding that justice court does not have jurisdiction over forcible detainer
action when title issue is Aso intertwined@ with
possession issue that Apossession
may not be adjudicated without first determining title@).





[4]See,
e.g., Geldard v. Watson, 214 S.W.3d 202, 205B06
(Tex. App.CTexarkana
2007, no pet.) (raising issue of lower court=s jurisdiction over forcible
detainer action sua sponte).





[5]Tex.
Prop. Code Ann. ''
24.002, 24.0051, 24.0061 (Vernon 2000 & Supp. 2008).





[6]See Tex.
Gov=t
Code Ann. '
27.031(a)(2) (Vernon Supp. 2008); Tex. Prop. Code Ann. '
24.004 (Vernon 2000).  AIn
forcible detainer cases, an appeal of the justice court's judgment is brought
in the county court of the county in which the judgment is rendered.  See Tex. R. Civ. P. 749.  In this case, the district courts of Wichita
County have the civil jurisdiction of a county court.   See Tex. Gov't Code Ann. ''
24.132, 24.180 (Vernon 1988).@  Cattin v. Highpoint Village Apartments,
26 S.W.3d 737, 738 n.2 (Tex. App.CFort Worth 2000, pet. dism=d
w.o.j.).





[7]City
of San Benito v. Rio Grande Valley Gas Co., 109 S.W.3d 750, 754B55
(Tex. 2003).





[8]Id.; see
also Kaminetzky v. Dosohs I, Ltd., No. 14-03-00567-CV, 2004 WL 1116960, at
*4 (Tex. App.CHouston
[14th Dist.] May 20, 2004, no pet.) (Mem. Op.) (holding that individual and
four corporate defendants lacked standing to appeal from justice court and
county court decisions in forcible detainer action because they were not
parties in justice court).





[9]See Tex.
R. Civ. P. 749 (providing procedure to appeal from justice court decision in
forcible detainer action).





[10]Cf. Tex.
R. App. P. 25.1(b) (AThe
filing of a notice of appeal by any party invokes the appellate court=s
jurisdiction over all parties to the trial court=s
judgment or order appealed from.@).