

In The

**Court of Appeals**

**Sixth Appellate District of Texas at Texarkana**

_____

No. 06-12-00072-CV

_____

NEAL FRAZIER, JR., Appellant

V.

RICHARD M. DONOVAN, Appellee

On Appeal from the County Court at Law #1
Angelina County, Texas
Trial Court No. 319-11-CV

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Richard M. Donovan owned a 107.2[1] acre tract of land (Tract 1) and a twenty-three-acre tract of land (Tract 2) in Angelina County, Texas (collectively referred to as "real property"). Donovan discovered that Neal Frazier, Jr., who had an ownership interest in nearby property described as Tracts 3 and 4, was living in a home on Tract 1. He also saw that Neal would allow horses to trample and run loose on the real property, causing erosion. Donovan asked Neal to vacate the premises orally and in writing. After his attempts failed, Donovan filed suit in the county court at law against Neal for trespassing, and sought an injunction prohibiting Neal or the Frazier family members from entering the real property. Neal filed a general denial.

During a trial to the bench, Donovan testified that the Frazier family paid taxes on the house located on Tract 1, but taxes on the land were paid by Donovan's predecessors-in-interest. He believed the house had been built in 1935 by Neal's grandfather and that, although Neal currently lived in the house, there were periods of time where the house was vacant. Donovan believed that Neal moved into the house "after '02."

Neal testified that he had lived in the residence since he was nine years old. He moved to Houston later in his life, but continued to "come home at least on the weekends." Neal claimed that Donovan's predecessors-in-interest "[gave] the land back" to Neal's grandparents because they worked the land, meaning that they consented and allowed his grandparents and the Frazier family to live in the home. Although Neal claimed ownership of all of the property, he admitted that there was no deed to the land given to the Frazier family and that he had nothing giving him

_____

[1]Donovan purchased an undivided one-half interest in the 107.2-acre tract of land in Angelina County by warranty deed on February 10, 2011.

title to the property. Yolanda Denise Frazier, Neal's daughter, testified that the Frazier family had lived in the house "over 60 years or more."

The county court at law found that Donovan was the owner of the real property, Neal had no ownership interest in Tracts 1 and 2, and Neal was a trespasser. The trial court permanently enjoined Neal and the Fraziers from "entering or coming upon the real property," awarded attorney's fees in the amount of $3,151.82, and court costs in the amount of $251.50.

Neal's first two points of error assert that the county court at law lacked appellate and original jurisdiction over eviction suits involving title. Donovan's petition stated that it "represent[ed] an appeal of Plaintiff's complaint for eviction under forcible entry and detainer filed in Cause No. 178-JP4, Justice Court of Precinct 4 of Angelina County, Texas." Neal argues that the county court at law lacked "appellate jurisdiction over evictions suits involving title."[2] A previous proceeding in the justice court resulted in a dismissal for want of jurisdiction. Donovan asserts that, while the petition alleged that it was an appeal from an eviction suit, "Donovan did not prefect [sic] an Appeal and did not place in the Trial Court's record any matter pertaining to the Justice Court [of] Precinct Four or an eviction suit therein. As such, no evidence was presented to the Trial Court regarding an Appeal[,] and the claim was abandoned." We agree. The proceedings in front of the justice court and any record developed therein were not before the trial court in this case. Consequently, issues raised during that dismissed proceeding are not

---

[2]"A forcible detainer action is supposed to be a summary, speedy, and inexpensive proceeding to determine who has the right to immediate possession of a premises." *Geldard v. Watson*, 214 S.W.3d 202, 206 (Tex. App.—Texarkana 2007, no pet.). It is only where determination of the right to immediate possession requires adjudication or resolution of a title dispute that the justice court is without jurisdiction. *Id.*

3

before us.[3] Because the county court at law did not decide any issues involving eviction claims, we overrule Neal's first two points of error.

Neal's third point of error asserts, "Defendant [sic] failed to perfect an appeal of the eviction suit." At a minimum, "[a] complaint on appeal must address specific errors" committed by the trial court. *Cammack the Cook*, *L.L.C. v. Eastburn*, 296 S.W.3d 884, 889 (Tex. App.—Texarkana 2009, pet. denied). Because Neal's point of error fails to complain of any act by the trial court, it is overruled.

Neal's brief, reciting many facts which were not a part of the trial court's record, argues that the trial court erred in failing to hear adverse possession claims. Yet, Neal filed a general denial, and claims of adverse possession were not raised by the pleadings prior to trial. Because the claims were not before it, the trial court did not err in "not hearing" them.[4]

It appears then, that the issues before the county court at law arose from Donovan's original suit for trespass and injunctive relief. Neal argues that the county court at law lacked jurisdiction to determine these issues because it cannot determine title to land, or issues that "evicted Plaintiff from his home and deprived him of title to land."

A constitutional county court does not have jurisdiction in "a suit for recovery of land." TEX. GOV'T CODE ANN. § 26.043(8) (West 2004). Unless statutorily provided, a county court at

---

[3]Neal also recites facts from the separate eviction proceeding which were not in evidence in this case. We decline to consider these facts.

[4]In his brief, Neal correctly states that the law of adverse possession requires "an actual and visible appropriation of real property, commenced and continued under a claim or right that is inconsistent with and is hostile to the claim of another person." TEX. CIV. PRAC. & REM. CODE ANN. § 16.021(1) (West 2002). The testimony in this case, however, was that Donovan's predecessors-in-interest knowingly allowed the Fraziers to occupy the home located on their land.

law has the subject matter jurisdiction of the constitutional county court. TEX. GOV'T CODE ANN. § 25.0003 (West Supp. 2012); *Thielemann v. Ketham*, 371 S.W.3d 286, 293 (Tex. App.— Houston [1st Dist.] 2012, pet. denied). The statute governing the County Court at Law of Angelina County does not confer jurisdiction in suits for recovery of land. TEX. GOV'T CODE ANN. § 25.0052(a)(2)(B) (West Supp. 2012). Where title to property is directly involved in a trespass suit, the justice and county courts lack jurisdiction. *Fandey v. Lee*, 880 S.W.2d 164, 169 (Tex. App.—Eastland 1994, writ denied); *see Geldard*, 214 S.W.3d at 206. But, as explained above, no genuine issue of title was raised or existed at the time of trial.

To recover for trespass to real property, a plaintiff must prove that (1) the plaintiff owns or has a lawful right to possess real property, (2) the defendant entered the plaintiff's land and the entry was physical, intentional, and voluntary, and (3) the defendant's trespass caused injury to the plaintiff.[5] *Wilen v. Falkenstein*, 191 S.W.3d 791, 798 (Tex. App.—Fort Worth 2006, pet. denied). "Concerning the intent element of the tort, trespass requires only proof of interference with the right of possession of real property; the only relevant intent is that of the actor to enter the property." *Id.* (citing *Trinity Universal Ins. Co. v. Cowan*, 945 S.W.2d 819, 827 (Tex. 1997)). The actor's subjective intent or awareness of the property's ownership is irrelevant. *Id.* (citing *Cowan*, 945 S.W.2d at 827).

Because Donovan and Neal did not put title into issue in the pleadings, the merits of title were not required to be decided. The issue was whether Donovan had a lawful right to possess the property. Even though the county court was not authorized to adjudicate "title" to the

---

[5]The sufficiency of the evidence supporting the finding of trespass has not been challenged.

property, the court's findings were necessary to determine whether Neal was a trespasser and whether an injunction ordering him to vacate the premises was required. By Neal's own testimony, he was not asserting title to the property; rather, he was asserting a right to occupy the property through the previous consent of Donovan's predecessors-in-interest. Accordingly, Neal's final points of error are overruled.

We affirm the trial court's judgment.


Jack Carter
Justice

Date Submitted:     November 21, 2012
Date Decided:       November 30, 2012

6