# NO. 12-11-00150-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JACK LEWIS BYNUM,*<br>*APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT* |
| *HAROLD RAY LEWIS,*<br>*APPELLEE* | § | *HENDERSON COUNTY, TEXAS* |

### *OPINION*

Jack Bynum appeals the trial court's judgment of possession entered in favor of Appellee Harold Lewis. Bynum raises six issues on appeal. We vacate the judgment of the trial court and render judgment dismissing the cause for want of jurisdiction.

### BACKGROUND

In 1994, Bynum moved into a farmhouse located on 12.8 acres in Henderson County (the property). Lewis previously had purchased the property from the estate of Hubert Lewis. In January 2011, Lewis filed an eviction complaint in Henderson County, Texas, with the justice of the peace, precinct two. On February 2, 2011, the justice court signed a judgment of possession in Lewis's favor.

Bynum appealed the justice court's judgment to the county court of Henderson County. In the proceedings before the county court, Bynum filed a pleading in which he stated that he was the owner of the property by virtue of adverse possession. On May 5, 2011, the county court signed a judgment of possession in Lewis's favor. This appeal followed.

We first consider the issue of subject matter jurisdiction. *See Geldard v. Watson*, 214 S.W.3d 202, 206 (Tex. App.—Texarkana 2007, no pet.) (citing *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 445–46 (Tex. 1993)); *see also It's the Berrys, LLC v. Edom Corner, LLC*, 271 S.W.3d 765, 769 (Tex. App.—Amarillo 2008, no pet.) ("The existence of subject matter jurisdiction may be raised for the first time on appeal by the parties or the court on its own motion."). Whether a trial court has subject matter jurisdiction is a question of law that we review de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004).

## Applicable Law

District courts have exclusive jurisdiction to determine title to real property. *See Aspen Wood Apt. Corp. v. Coinmach, Inc.*, 349 S.W.3d 621, 635 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (citing *Doggett v. Nitschke*, 498 S.W.2d 339, 339 (Tex. 1973)). Any suit that adjudicates real property rights is a trespass to try title suit. *See* TEX. PROP. CODE ANN. § 22.001 (West 2000). Rival claims to title or right of possession may be adjudicated in a trespass to try title action. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 755 (Tex. 2003).

Adverse possession is "an actual and visible appropriation of real property, commenced and continued under a claim of right that is inconsistent with and is hostile to the claim of another person." TEX. CIV. PRAC. & REM. CODE ANN. § 16.021(1) (West 2002); *King Ranch, Inc.*, 118 S.W.3d at 756. The concept of adverse possession allows a person to claim title to real property presently titled in another. *Session v. Woods*, 206 S.W.3d 772, 777 (Tex. App.—Texarkana 2006, pet. denied). To establish title through adverse possession, the possession must unmistakably assert a claim of exclusive ownership in the occupant. *Id*.

Chapter 24 of the Texas Property Code governs forcible entry and detainer actions, and provides a summary method for determining the right of a party to the possession of real property. *See* TEX. PROP. CODE ANN. §§ 24.001–.011 (West 2000 & Supp. 2012); *Aspen Wood Apt. Corp.*, 349 S.W.3d at 635. To preserve the simplicity and speedy nature of the forcible entry and detainer remedy, Texas Rule of Civil Procedure 746 provides that the "only issue shall be as to the right to actual possession; and the merits of title shall not be adjudicated." TEX. R. CIV. P. 746; *Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex. App.—Dallas 2001, no pet.). To prevail in a forcible entry and detainer action, a plaintiff is not required to prove title, but is only

required to show sufficient evidence of ownership to demonstrate a superior right to immediate possession. *See Rice*, 51 S.W.3d at 709. Because a forcible entry and detainer action is not exclusive, but cumulative, of any other remedy that a party may have in the courts of this state, the displaced party is entitled to bring a separate suit in district court to determine the question of title. *Id*.

However, if the resolution of a title dispute is necessarily intertwined with the issue of possession so that the right of possession depends upon it, possession may not be adjudicated without first determining title. *Dormady v. Dinero Land & Cattle Co.*, 61 S.W.3d 555, 557 (Tex. App.—San Antonio 2001, pet dism'd w.o.j.). Only the district court has jurisdiction to determine title. *Id*.; *It's the Berrys, LLC*, 271 S.W.3d at 770; *see also Rice*, 51 S.W.3d at 713 ("[A] justice court or county court at law is not deprived of jurisdiction merely by the existence of a title dispute, but is deprived of jurisdiction only 'if the right to immediate possession necessarily requires the resolution of a title dispute.'") (emphasis omitted). A county court at law exercising appellate jurisdiction over a justice court judgment is limited to the original jurisdiction of the justice court. *Geldard*, 214 S.W.3d at 206.

In sum, when the question of title is so integrally linked to the issue of possession that the right to possession cannot be determined without first determining title, the justice court and, on appeal, the county court lack subject matter jurisdiction to consider the issue. *See id*. The affirmative defense of adverse possession invokes a claim to title that can defeat the jurisdiction of the justice court and on appeal, the county court. *See Gibson v. Dynergy Midstream Servs., L.P.,* 138 S.W.3d 518, 524 (Tex. App.—Fort Worth 2004, no pet.); *see also Gentry v. Marburger*, 596 W.W.2d 201, 203 (Tex. Civ. App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.) (pleading of adverse possession in forcible entry and detainer suit in justice court raises issue of title).

## Analysis

In the case at hand, when Bynum raised the affirmative defense of adverse possession to Lewis's forcible entry and detainer action, the title issue became an integral part of the proceeding. *Gibson*, 138 S.W.3d at 522. Based on our review of the record, the county court, in considering the pleadings before it, would have had to determine title to the property in order to determine whether Lewis had the superior right to possession. *See Dormady*, 61 S.W.3d at 557. Because (1) the county court had no jurisdiction to determine title and (2) title may not be

adjudicated in a forcible detainer action, but only in a trespass to try title action, we hold that the county court did not have subject matter jurisdiction to determine if Lewis had a superior right to immediate possession of the property.[1]

## DISPOSITION

Having held that the county court lacked subject matter jurisdiction to determine Lewis's right of possession, we *vacate* the judgment of the county court and *render* judgment *dismissing* the cause for *want of jurisdiction*.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered January 16, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

---

[1] Because we have held that the county court did not have jurisdiction to determine Lewis's claim of possession, we do not address Bynum's six issues. *See* TEX. R. APP. P. 47.1.

4



# COURT OF APPEALS

## TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JANUARY 16, 2013**

## NO. 12-11-00150-CV

**JACK LEWIS BYNUM,**
Appellant
V.
**HAROLD RAY LEWIS,**
Appellee

---

Appeal from the County Court
of Henderson County, Texas. (Tr.Ct.No. 6940)

---

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, because it is the opinion of this court that the county court had no jurisdiction of the subject matter in this case and that its judgment same should be reversed and rendered, and the case dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this court that the judgment of the county court in favor of Appellee, **HAROLD RAY LEWIS**, be, and the same is, hereby **reversed** and judgment is **rendered dismissing** the cause **for want of jurisdiction**. All costs in this cause expended in this court be, and the same are, hereby adjudged against the Appellee, **HAROLD RAY LEWIS**, for which let execution issue; and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

5

# THE STATE OF TEXAS
# M A N D A T E
**********************************************
**TO THE COUNTY COURT of HENDERSON COUNTY, GREETING:**

Before our Court of Appeals for the 12th Court of Appeals District of Texas, on the 16th day of January, 2012, the cause upon appeal to revise or reverse your judgment between

## JACKLEWIS BYNUM, Appellant

## NO. 12-11-00150-CV; Trial Court No. 6940

Opinion by James T. Worthen, Chief Justice.

## HAROLD RAY LEWIS, Appellee

was determined; and therein our said Court made its order in these words:

"THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, because it is the opinion of this court that the county court had no jurisdiction of the subject matter in this case and that its judgment same should be reversed and rendered, and the case dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this court that the judgment of the county court in favor of Appellee, **HAROLD RAY LEWIS**, be, and the same is, hereby **reversed** and judgment is **rendered dismissing** the cause **for want of jurisdiction**. All costs in this cause expended in this court be, and the same are, hereby adjudged against the Appellee, **HAROLD RAY LEWIS**, for which let execution issue; and that this decision be certified to the court below for observance."

**WHEREAS, WE COMMAND YOU** to observe the order of our said Court of Appeals for the Twelfth Court of Appeals District of Texas in this behalf, and in all things have it duly recognized, obeyed, and executed.

**WITNESS, THE HONORABLE JAMES T. WORTHEN**, Chief Justice of our Court of Appeals for the Twelfth Court of Appeals District, with the Seal thereof affixed, at the City of Tyler, this the _____ day of _____, 201____.

CATHY S. LUSK, CLERK


By:_____
    Deputy Clerk