ACCEPTED
01-14-00350-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
8/11/2015 5:41:52 PM
CHRISTOPHER PRINE
CLERK

No. 01-14-00350-CV

IN THE COURT OF APEALS

FOR THE FIRST DISTRICT OF TEXAS AT HOUSTON

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

8/11/2015 5:41:52 PM

CHRISTOPHER A. PRINE
Clerk

**THURMAN H. WEST.**

*Appellant,*

v.

**GWENDOLYN MESHALLE WEST**

*Appellee*

ON APPEAL FROM THE 300TH DISTRICT COURT BRAZORIA COUNTY, TEXAS

TRIAL COURT CAUSE NO. 55385

**APPELLEE'S MOTION FOR REHEARING**

**ANDERSON & SMITH, P.C.**
**Wendle Van Smith**
**S.B.N. 18701400**
**ONE ARENA PLACE**
**7322 Southeast Freeway, Suite 2010**
**Houston, Texas 77074**
**Telephone: (713) 621-5522**
**Telecopier: (713) 995-1499**
*Counsel for Gwendolyn Meshalle West*

Respectfully submitted,

/s/ Wendle Van Smith_____

Wendle Van Smith

SBN:  18701400

Anderson & Smith, P.C.

7322 Southeast Freeway, Suite 2010

Houston, TX 77074

Tel: 713 621-5522

Fax: 713 995-1499

Attorney for Appellee

**TABLE OF CONTENTS**

TABLE OF CONTENTS …………………………………………………………… 2

INDEX OF AUTHORITIES …............................................................................ 3

    I.      The ground on which the court decided the case has been waived ……………….. 4

    II.     A rehearing must be granted to correct erroneous faulty reasoning or analysis …... 5

    III.    The Court of Appeals opinion conflicts with Texas Supreme Court precedent and the Texas Constitution …………………………………………………………… 9

PRAYER …………………………………………………………………………... 10

CERTIFICATE OF SERVICE …………………………………………………….. 11

# TABLE OF AUTHORITIES

**Cases**

*Brooks v. Mass Mktg.*,
No. 03-07-00658-CV, 2010 Tex. App. LEXIS 2529 (Tex. App.–Austin Apr. 6, 2010, no pet. h.) (mem. op. on reh'g) ……………………………………………………… 4

*Cont'l Cas. Co. v. Huizar*,
740 S.W.2d 429, 430 (Tex. 1987) ……………………………………..………... 4

*Tex. Ass'n of Bus. v. Tex. Air Control Bd.*,
852 S.W.2d 440, 446 (Tex. 1993) …………………………………..…………… 4

*Nootsie, Ltd. v. Williamson County Appraisal Dist.*,
925 S.W.2d 659, 661 (Tex. 1996) ……........................................................... 4

*Arkoma Basin Exploration Co. v. FMF Assocs. 1990-A, Ltd.*,
249 S.W.3d 380, 387 (Tex. 2008) …………………………………………….... 5

*Villarreal v. Laredo National Bank*,
677 S.W.2d 600, 609 (Tex. App.–San Antonio 1984, writ ref'd n.r.e.) ..……….. 6-8, 10

*Hous. First Am. Sav. v. Musick*,
650 S.W.2d 764, 770 (Tex. 1983) ……………………………………………… 6, 8-9

*Higgins v. Bankers' Mortg. Co.*,
13 S.W.2d 683, 684 (Tex. Comm'n App. 1929, no writ) …………………………... 9-10

*Grisson v. Anderson*,
79 S.W.2d 619, 621 (Tex. 1935) ……………………………………….................... 10

*Zable v. Henry, Day v. Edmonds*,
No. 11-04-00135-CV, 2005 WL 2090685, at *3 (Tex. App.–Eastland Aug. 31, 2005, no pet.) ……………………………………………………………………… 10

*Cummings v. Gillespie*,
No. 12-01-0046-CV, 2002 WL 452285, at *2 (Tex. App.–Tyler Mar. 20, 2002, pet. denied) …………………………………………………………………………… 10

*Geldard v. Watson*,
214 S.W.3d 202, 208 (Tex. App.–Texarkana 2007, no pet.) …………………..……... 10

**Other Authority**

TEX. R. APP. P. 33.1(a) …………………………………………………………………5

TEX. CONST. Art. XVI, § 50(b) …………………………………………………………9

TO THE HONORABLE FIRST DISTRICT OF TEXAS AT HOUSTON,

Appellee, Gwendolyn Meshalle West, submits this rehearing in response to the opinion issued by the Court on July 14, 2015, and requests that the Court consider the following issues:

Issue 1: The ground on which the court decided the case has been waived.

Issue 2: A rehearing must be granted to correct erroneous faulty reasoning or analysis.

Issue 3: The Court of Appeals opinion conflicts with Texas Supreme Court precedent and the Texas Constitution.

I.      The Ground on which the Court decided the Case has been Waived

The Court should not address issues that have been waived, and whenever it becomes apparent that the Court has done so, it will change course. *Brooks v. Mass Mktg*., No. 03-07-00658-CV, 2010 Tex. App. LEXIS 2529 (Tex. App.–Austin Apr. 6, 2010, no pet. h.) (mem. op. on reh'g). Generally, only parties of record have standing to appeal. *See Cont'l Cas. Co. v. Huizar*, 740 S.W.2d 429, 430 (Tex. 1987). Standing requires that the parties have a real controversy which can actually be determined by the relief sought. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). In other words, a person has standing to appeal when he is personally aggrieved by the alleged wrong. *Nootsie, Ltd. v. Williamson County Appraisal Dist.*, 925 S.W.2d 659, 661 (Tex. 1996).

Thurman claims no interest in the house. Rather, he asserts that the deed was transferred out of the community estate to Southeast Community Church ("Southeast") by general warranty

deed.[1] However, Southeast was an original party to the suit, and did not object to the court's characterization of the property at trial. Southeast also did not appeal the trial court's decision. To preserve a complaint for appellate review, the record must show that the complaint was made to the trial court by a timely objection that stated the grounds for the ruling sought with sufficient specificity unless those grounds are apparent, and that the trial court ruled or refused to rule on the objection. TEX. R. APP. P. 33.1(a). An objection must be clear enough to give the trial court an opportunity to correct the asserted error. *Arkoma Basin Exploration Co. v. FMF Assocs*. 1990-A, Ltd., 249 S.W.3d 380, 387 (Tex. 2008).

At issue is who owns the house. This is a question that must be addressed before the division of property. Prior the division of property, Southeast was the only party to be personally aggrieved by a mischaracterization of the property as community property, rather than property outside of the estate. Therefore, Southeast, as an original party to the suit, is the only party with standing to raise this issue on appeal. Thurman, who owned an equal interest with Gwendolyn prior to the division, is only incidentally aggrieved by the alleged mischaracterization. As such, he does not have standing to raise this issue on appeal. The issue had been waived at trial by Southeast.

II.      A rehearing must be Granted to Correct Erroneous Faulty Reasoning or Analysis

The Court of Appeals reasoned "it has been recognized that 'Texas courts have adhered strictly to the principle that one-spouse homestead transactions are not void, but merely inoperative while the property remains the non-signing spouse's homestead…' And where, as here, a grantor conveys, by way of warranty deed, a greater estate or interest than he or she has,

---

[1] The facts show that Southeast Community church paid the down payment on the mortgage as income to Thurman during the marriage.

such warranty deed operates, by way of estoppel, to pass to the grantee any title or interest thereafter acquired by the grantor." The court cites both *Villarreal v. Laredo National Bank*, 677 S.W.2d 600, 609 (Tex. App.–San Antonio 1984, writ ref'd n.r.e.) and *Hous. First Am. Sav. v. Musick*, 650 S.W.2d 764, 770 (Tex. 1983). Based on this reasoning, the Court of Appeals concluded that "the house was not part of the community estate subject to division." The court's conclusion is incongruent with the law and equity.

Essentially, the Court of Appeals opined that because the Trial Court awarded the property to Thurman as part of a just and right division of community property, the general warranty deed either became operative at the time of the transaction, which would be a misinterpretation of *Musick,* or the transaction became operative after the divorce decree pursuant to the court's order to hand the house over to Thurman, and the law retroactively excludes the property from the community estate altogether for purposes of the division of community property upon divorce. This conclusion is both nonsensical and unfounded on any notion of what is just and right. By the Appellate Court's logic, had the trial court, hypothetically, awarded the house to Gwendolyn as her share of a just and right split rather than Thurman, the property would remain a part of the community estate, and there would be no issue on appeal. At the very least, one question that must be addressed is whether, in making this decision to remand, the trial court would be given authority to award the property to the Appellee, Gwendolyn?

It is undisputed that Thurman conveyed the property to Southeast without getting Gwendolyn's authorization or permission. Gwendolyn testified at trial that she never intended to deed the house back to Southeast. The trial court took these facts under consideration in its decision to award the house to Thurman. The trial court, intending to protect the apparent

bystanders of the transaction, Gwendolyn and Southeast, awarded the house to Thurman as his share of the community property with the intention of forcing Thurman to account for the consequences for his duplicitous actions. Thurman should not be rewarded for unilaterally transferring assets to Southeast, an entity of which he is president, agent, and controlling owner, in a plainly calculated attempt to divest his wife of her community share. Allowing a spouse to omit community property in such a manner would encourage the commission of fraud upon the spouse, and would work an injustice upon the court and the law.

Furthermore, the Court of Appeals misinterpreted the law in *Villarreal*. In *Villareal*, Roger, the ex-husband of the appellant unilaterally took out a loan from the Appellee-creditor, secured by a lien against the property that was granted to him in the divorce decree, but subject to homestead exemption in favor of the Appellant. The court held that the Appellant's homestead interest was not subject to forced sale by the Appellee-creditor. Within its opinion, the court noted that "Texas courts have adhered strictly to the principle that one-spouse homestead transactions are not void, but merely inoperative while the property remains the non-signing spouse's homestead." 677 S.W.2d 600, 609 (Tex. App.–San Antonio 1984, writ ref'd n.r.e.). This passage was cited by the Court of Appeals in its decision to remand. However, in making this statement, the *Villarreal court's* goal was to ensure the innocent creditor would be adequately protected, not to retroactively alter divorce decree so as to remove the homestead from the community estate, as was the Court of Appeal's interpretation, and result in the instant case.

Rather, the *Villareal* court specifically held contrary to such an interpretation. In *Villareal*, the marriage decree granted the property to Roger, the ex-husband as part of a just and right division of community property. Even after the determination that the one-spouse homestead transaction was not void, but merely inoperative, the court did not retroactively alter

the character of the homestead property for purposes of the division of community estate upon divorce. The court merely ensures that the creditor's rights are protected. Clearly, the *Villareal* court's decision had nothing to do with the characterization of the property and does not even pertain to the rights between the husband and wife. Rather the court only addressed issues affecting the relationship between the creditor and the Appellant-spouse. The creditor in *Villarreal* is analogous to Southeast, the warrantee in this divorce suit. Southeast does not assert any rights on Appeal, and waived its rights to the property at trial.

In addition, in *Villareal*, the loan upon which the ex-husband unilaterally entered into was undertaken after the divorce decree and after the court already divested the wife-Appellant of all her interest in the property outside of her right to homestead. However, with the case at hand, Thurman unilaterally executed the warranty deed to Southeast during the marriage, before Gwendolyn had been divested of all her rights in the property. In other words, the Appellant homestead occupant in *Villareal* had no rights to the property at the time of the transaction, while Gwendolyn, the Appellee homestead occupant in this case, still had rights to the property at the time of the transaction in this case, and throughout the trial up to the time this case is considered. As such, *Villareal* is distinguished from this case. The Appellee cannot be divested of her rights to the property against Thurman simply because of Thurman's unilateral decision o transfer property for the purposes of hiding his assets from the community estate.

The Court of Appeals also misinterprets the court in *Musick*. The Court of Appeals cited *Musick,* stating that "title subsequently acquired to land by warrantor or seller passess 'eo instante' to the warrantee or buyer." This conclusion is derived from a passage in *Musick*, with regards to the Doctrine of After-acquired Title, where the court explains "[t]he rule is that 'when one conveys land by warranty of title, or in such a manner as to be estopped to dispute the title of

his grantee, a title subsequently acquired to that land will pass eo instante to his warrantee, binding both the warrantor and his heirs and subsequent purchasers from either.'" 650 S.W.2d 764, 770 (Tex. 1983). In other words, the rule states that title passes to the warrantee subsequent to the warrantor acquiring the title, eo instante, at the moment of acquisition, not at the moment of transaction. In this case, the title did not pass solely to the warrantor, Thurman, until after the divorce decree, where the court ordered that Gwendolyn be divested of her interest in her house as part of a just and right division of property. Because clear title was acquired after the divorce, the passing of title to Southeast has no bearing on the characterization of the property, and should not affect the just and right division of the community estate pursuant to divorce.

Furthermore, the court in *Musick* can be distinguished from the case at hand in that the *Musick* case did not involve homestead property. In Texas, the law grants extensive protections to spouses with regards to a homestead. Specifically, any deed is invalid without the signature of both spouses. Where the warranty deed is invalid, there is no warrantor or warrantee. As such, the Doctrine of After-acquired property, which specifically applies to warrantors and warrantees, is inapplicable where a homestead is involved.

III.     The Court of Appeals opinion conflicts with Texas Supreme Court Precedent and the Texas Constitution

Lastly, the Court of Appeals opinion is invalid with regards to the Texas Constitution, and the Texas Supreme Court decision in *Higgins*, which has yet to be overturned. Texas legislature states "[a]n owner or claimant of the property claimed as homestead may not sell or abandon the homestead without the consent of each owner and the spouse of each owner, given in such manner as may be prescribed by law." TEX. CONST. Art. XVI, § 50(b). In Higgins, the

Supreme Court of Texas held that one-spouse homestead transactions are invalid to pass title. *Higgins v. Bankers' Mortg. Co.*, 13 S.W.2d 683, 684 (Tex. Comm'n App. 1929, no writ). The Court of Appeals argued that this holding has since been contradicted by *Villarreal, Grisson v. Anderson*, 79 S.W.2d 619, 621 (Tex. 1935)*, Zable v. Henry, Day v. Edmonds*, No. 11-04-00135-CV, 2005 WL 2090685, at *3 (Tex. App.–Eastland Aug. 31, 2005, no pet.)*, Cummings v. Gillespie*, No. 12-01-0046-CV, 2002 WL 452285, at *2 (Tex. App.–Tyler Mar. 20, 2002, pet. denied)*, and *Geldard v. Watson*, 214 S.W.3d 202, 208 (Tex. App.–Texarkana 2007, no pet.). However, other than *Grisson*, none of those cases were rulings handed down by the Texas Supreme Court, and *Grisson* is not directly contradicting or on-point. As such, *Higgins* is still valid precedent, until overturned by the Texas Supreme Court. Therefore, the trial court did not abuse discretion in merely following valid law. Until *Higgins* or Section 50(b) is overturned, the court must affirm the trial court and hold in favor of the Appellee.

### PRAYER

For the reasons stated in this motion, Appellee asks the Court to grant this motion for rehearing, withdraw its opinion, sustain the trial court's judgment, and render judgment for Appellee.

Respectfully submitted,

/s/ Wendle Van Smith_____
Wendle Van Smith
SBN:  18701400
Anderson & Smith, P.C.
7322 Southeast Freeway, Suite 2010
Houston, TX 77074
Tel: 713 621-5522
Fax: 713 995-1499
Attorney for Appellee

**CERTIFICATE OF SERVICE**

Pursuant to Tex. R. App. P. 9.5, I certify that on Tuesday, August 11, 2015, a copy of this motion was mailed via first class U.S. mail, postage prepaid, to the following:

cc:

Aaron B. Pickelner
CORDELL & CORDELL, P.C.
State Bar No. 24013329
1300 Post Oak Blvd., Suite 1800
Houston, Texas 77056
apickelner@cordelllaw.com
Office:  832 730-2965
**Via Facsimile:  832-730-2966**
**Via Certified Mail RRR: 7013 0600 0001 7362 4284**

JOHN L. GREEN
State Bar No. 00784165
4888 Loop Center Drive, Suite 445
Houston, TX 77081
Jlgreen488@aol.com
Office: 713-660-7400
**Via Facsimile: 713-660-9921**
**Via Certified Mail RRR: 7013 0600 0001 7362 4291**


\_\_\_\_\_**/s/ Wendle Van Smith**_____
WENDLE VAN SMITH