# NO. 12-13-00242-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *NEAL FRAZIER, JR.,*<br>*APPELLANT* | § | *APPEAL FROM THE 159TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *RICHARD DONOVAN,*<br>*APPELLEE* | § | *ANGELINA COUNTY, TEXAS* |

## *OPINION*

Neal Frazier, Jr. filed suit to establish title by limitations to a tract of real property in Zavalla, Angelina County, Texas. In seven issues, he appeals the trial court's order granting summary judgment in favor of the record title holder and appellee, Richard Donovan. We reverse and remand.

## BACKGROUND

In late 1934 or early 1935, the home of Mary Frazier and her husband, Harrison, was destroyed by a fire. In February 1935, Mary's parents conveyed to her the land on which Mary and Harrison's home once stood (the Frazier tract). Mary and Harrison built a new home for themselves and their thirteen children across the road from their previous home site.

In February 1936, Mary's parents conveyed a tract of their land to Mary's sister, Eddie Barnett, and her husband, Eugene (the Barnett tract). Eddie and Eugene had five sons.

Both couples died intestate. Following Mary's death in 1981, her daughter, Dessor, moved into Mary's house. Dessor's nephew, Neal, lived in the house with her and assisted her in raising cattle on the surrounding tract of land.[1] They also maintained the fences that enclosed the tract.

---

[1] There is summary judgment evidence indicating that Neal lived in the house with Dessor during the week and traveled to Lufkin to be with his wife and children on the weekends.

In 1997, Dessor moved out of the house due to her declining health. Neal continued to reside in the house and use the property until 2011. In February 2011, Donovan purchased both the Frazier and the Barnett tracts, at which point a survey revealed that the Frazier house, in which Neal resided, was located on the Barnett tract. This fact notwithstanding, Donovan closed the purchase of both the Barnett and Frazier tracts without Neal's signing either deed. Thereafter, Donovan filed a forcible entry and detainer action against Neal, who was eventually removed from the property.

Neal filed the instant suit against Donovan seeking to establish title to the Barnett tract by adverse possession. Donovan filed a traditional motion for summary judgment, in which he contended that (1) Neal did not exercise exclusive dominion over the property and appropriate it for his own use and benefit because there was no evidence he had attempted to oust any cotenants from the Barnett tract, (2) Neal could not have claimed the property by adverse possession because he did not realize the Frazier homestead had been built on the Barnett tract until the property was surveyed in 2011, and (3) Neal was not entitled to prevail on his alternative claim through ownership of a fractional undivided interest in the Barnett tract because the property had passed through the heirs of Eugene and Eddie Barnett rather than the heirs of Harrison and Mary Frazier. Neal filed a response, and in support thereof, attached an affidavit, by which he testified, in pertinent part, as follows:

> After Dessor Frazier left the property in 1997, I continued to occupy the subject property as my primary residence until I was removed from the property in 2013. I exercised exclusive control over the property since 1997 until 2013 by routinely removing trespassers. I also continued to use, cultivate and enjoy the subject property for agricultural purposes.

Ultimately, the trial court granted Donovan's traditional motion for summary judgment, and this appeal followed.

## SUMMARY JUDGMENT

In his first, second, third, fifth, sixth, and seventh issues, Neal argues that the trial court erred in granting summary judgment in Donovan's favor. In addressing these issues, Neal seeks to rebut Donovan's arguments in his motion for summary judgment that Neal could not adversely possess the property at issue because he (1) failed to oust his cotenants and (2) mistakenly believed that he owned an interest in the Barnett tract. We will address these issues together.

2

## Standard of Review

The party moving for traditional summary judgment bears the burden of showing that no genuine issue of material fact exists and it is entitled to judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c); *see also **Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding***, 289 S.W.3d 844, 848 (Tex. 2009). A movant that conclusively negates at least one essential element of a cause of action is entitled to summary judgment on that claim. ***Sw. Elec. Power Co. v. Grant***, 73 S.W.3d 211, 215 (Tex. 2002). In reviewing a summary judgment, we consider the evidence in the light most favorable to the nonmovant and resolve any doubt in the nonmovant's favor. ***Doe v. Boys Club of Greater Dallas, Inc.***, 907 S.W.2d 472, 477 (Tex. 1995).

We review the trial court's summary judgment de novo. ***Provident Life & Acc. Ins. Co. v. Knott***, 128 S.W.3d 211, 215 (Tex. 2003). Because the trial court's order in this case does not specify the grounds for its summary judgment, we must affirm the summary judgment if any of the theories presented to the trial court and preserved for appellate review are meritorious. *Id*. Summary judgments, however, may only be granted upon grounds expressly asserted in the motion. *See **G & H Towing Co. v. Magee***, 347 S.W.3d 293, 297 (Tex. 2011).

## Adverse Possession

"Adverse possession" means an actual and visible appropriation of real property, commenced and continued under a claim of right that is inconsistent with and is hostile to the claim of another person. TEX. CIV. PRAC. & REM. CODE ANN. § 16.021(1) (West 2002). The concept of adverse possession allows the person to claim title to real property presently owned by another. ***Bynum v. Lewis***, 393 S.W.3d 916, 918 (Tex. App.–Tyler 2013, no pet.). To establish title through adverse possession, the possession unmistakably must assert a claim of exclusive ownership in the occupant. *See **id***.

"A person must bring suit not later than 10 years after the day the cause of action accrues to recover real property held in peaceable and adverse possession by another who cultivates, uses, or enjoys the property." TEX. CIV. PRAC. & REM. CODE ANN. § 16.026(a) (West 2002). "Under this ten year statute, it is incumbent upon a claimant to show affirmatively: (1) possession of the land; (2) cultivation, use, or enjoyment thereof; (3) an adverse or hostile claim; and (4) an exclusive domination over the property and an appropriation of it for his own use and benefit for the statutory period." ***Ramirez v. Wood***, 577 S.W.2d 278, 287 (Tex. Civ. App.–Corpus Christi 1978, no writ).

### Ouster of Cotenants

A "tenancy in common" is a tenancy by two or more persons, in equal or unequal undivided shares, where each person has an equal right to possess the whole property, but with no right of survivorship. *See* BLACK'S LAW DICTIONARY 1604 (9th ed. 2009). Therefore, cotenants are those who have title "in some manner," such as by conveyance, inheritance, limitations, or some other legal means, to real property. *See **Reed v. Turner***, 489 S.W.2d 373, 381 (Tex. Civ. App.–Tyler 1972, writ ref'd n.r.e.). Any cotenant has a right to be in possession of real property in which he owns an interest. ***Todd v. Bruner***, 365 S.W.2d 155, 160 (Tex. 1963).

Because cotenants in an undivided estate have an equal right to "enter upon the common estate and a corollary right to possession," a cotenant seeking to establish title by adverse possession must prove, in addition to the usual adverse possession requirements, an ouster of the cotenant not in possession or repudiation of the cotenancy relationship. ***Dyer v. Cotton***, 333 S.W.3d 703, 712 (Tex. App.–Houston [1st Dist.] 2010, no pet.) (citing ***Byrom v. Pendley***, 717 S.W.2d 602, 605 (Tex. 1986)). The "real property statutes of limitations [pertaining] to cotenants are not designed to run in secrecy and silence;" therefore, the claimant must prove actual or constructive notice of the ouster, and the clear, unequivocal, and unmistakable repudiation of the common title. *See **Dyer***, 333 S.W.3d at 713 (quoting ***Todd***, 365 S.W.2d at 160). In order to establish title by adverse possession, the cotenant has to show unmistakable and hostile acts that would put other cotenants on notice of its intent to oust them from the real property. *See **BP Am. Prod. Co. v. Marshall***, 342 S.W.3d 59, 70 (Tex. 2011). The test for establishing adverse possession, both between strangers and cotenants, is whether the acts unmistakably assert a claim of "exclusive ownership" by the occupant. ***Id***.

In his motion for summary judgment, Donovan argued that Neal failed to prove that he had ousted his cotenants, namely, Mary's heirs, and did not establish the exclusive dominion element required for adverse possession. Yet based on our review of the summary judgment record, there is no indication that Neal and another person were ever cotenants in the property. A cotenant must own an undivided interest in the real property at issue. *See **Turner***, 489 S.W.2d at 381. In this case, the summary judgment record reflects that none of Mary's heirs owned any interest in the Barnett tract. The summary judgment evidence further indicates that Neal never inherited any portion of the Barnett tract. Rather, the evidence indicates that tract passed by intestacy to either the five sons of Eugene and Eddie Barnett or their heirs. Consequently, the summary judgment evidence conclusively demonstrates that from the period from 1997 until 2011, when Neal had

exclusive dominion of the Barnett tract, he had no cotenants. Therefore, we hold that because Neal had no cotenants during this period, Donovan was not entitled to summary judgment based on his contentions that Neal could not adversely possess the property due to his failure to oust cotenants.

## Mistaken Belief of Ownership

We next consider the question of Neal's mistaken belief of his ownership and its effect on his ability to adversely possess the property at issue. When an individual has a claim of right coupled with his actual, visible possession and use of real property, the adverse claim and possession satisfy the statutory requirements. *See Calfee v. Duke*, 544 S.W.2d 640, 642 (Tex. 1976). This claim and possession cannot be defeated by the claimant's lack of knowledge of any deficiency in his record title or by the absence of a realization that there could be other claimants for the land. *See id.* Stated succinctly, a record title holder's ignorance of what he owns does not affect the running of limitations. *See Natural Gas Pipeline Co. of Am. v. Pool*, 124 S.W.3d 188, 198 (Tex. 2003). The adverse possession statutes require visible appropriation; mistaken beliefs about ownership do not transfer title until someone acts on them. *See Marshall*, 342 S.W.3d at 69.

In his motion for summary judgment, Donovan argued that neither Neal nor any of the Fraziers realized that the Frazier home had been built on the Barnett tract. Donovan contends that this mistaken belief prevents Neal from asserting his adverse possession claim based upon his exclusive dominion of the property from 1997 until 2011. However, the *Duke* case establishes that an individual who believes he is the rightful owner and has no competition for that ownership has a claim of right under the adverse possession statutes. *See Duke*, 544 S.W.2d at 642; *see also Pool*, 188 S.W.3d at 198. In Neal's affidavit attached to his response to Donovan's motion for summary judgment, he stated that he removed all trespassers from the Barnett tract between 1997 and 2011. This evidence raises an issue of material fact regarding whether Neal's actions amounted to an unmistakable assertion of his claim of exclusive ownership of the property. *See BP Am. Prod. Co.*, 342 S.W.3d at 71. Therefore, we hold that Donovan was not entitled to summary judgment based on his contentions that Neal could not adversely possess the property due to his mistaken belief of ownership.

## Summation

Donovan failed to prove that any of Mary's heirs were Neal's cotenants. Thus, Donovan was not entitled to summary judgment based on his contention that Neal could not adversely possess the property due to his failure to oust cotenants. Moreover, despite any mistaken belief he

5

may have had concerning his ownership of the property, Neal had a claim of right under the adverse possession statutes. His affidavit testimony reflects his belief that he was the rightful owner of the property and raises a material fact issue regarding his claim of exclusive ownership. Accordingly, we hold that Donovan failed to establish that he was entitled to summary judgment under this theory. Neal's first, second, third, fifth, sixth, and seventh issues are sustained.[2]

## DISPOSITION

Having sustained Neal's first, second, third, fifth, sixth, and seventh issues, we *reverse* the trial court's judgment and *remand* the cause for further proceedings consistent with this opinion.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered January 15, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

---

[2] Because issues one, two, three, five, six and seven are dispositive of this appeal, we do not address Neal's fourth issue concerning whether the trial court erred in granting summary judgment based on an implied finding that he does not have an undivided interest in the property through inheritance. *See* TEX. R. APP. P. 47.1.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JANUARY 15, 2014**

**NO. 12-13-00242-CV**

**NEAL FRAZIER JR.,**
Appellant
V.
**RICHARD DONOVAN,**
Appellee

Appeal from the 159th District Court

of Angelina County, Texas (Tr.Ct.No. CV-01477-12-06)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, because it is the opinion of this court that there was error in the judgment of the court below, it is ORDERED, ADJUDGED and DECREED by this court that the judgment be **reversed** and the cause **remanded** to the trial court **for further proceedings** and that all costs of this appeal are hereby adjudged against the Appellee, **RICHARD DONOVAN**, in accordance with the opinion of this court; and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*