# In The

# *Court of Appeals*

# *Ninth District of Texas at Beaumont*

_____

## NO. 09-14-00193-CV

_____

**EARNEST TAYLOR, AS LAWFUL POWER OF ATTORNEY FOR FRANKIE TAYLOR, Appellant**

**V.**

**JEFF LANGHAM AND BRENDA LANGHAM, Appellees**

**On Appeal from the 258th District Court**
**San Jacinto County, Texas**
**Trial Cause No. CV13181**

## MEMORANDUM OPINION

This is an appeal of a summary judgment. Appellant, Earnest Taylor "as lawful power of attorney for Frankie Taylor"[1] argues the trial court erred in

---

[1]Earnest Taylor alleged in his Original Petition that he was acting as "lawful power of attorney for Frankie Taylor." He later described his status in subsequent pleadings as "Earnest Taylor Frankie Taylor in all capacities [d]escribed in this petition" and then included references to Earnest Taylor and Frankie Taylor

1

granting a summary judgment in favor of Jeff Langham and Brenda Langham (the Langhams or appellees). The underlying suit involves the ownership of certain real property located in San Jacinto County, Texas. Taylor raises five issues on appeal. Finding no error, we affirm the trial court's judgment.

UNDERLYING FACTS

On August 29, 2011, Taylor filed a petition styled as "Plaintiff's Original Petition in Trespass to Try Title," against the Langhams, wherein Taylor alleged that Taylor held superior title and ownership of an undivided one-half interest in and to an eighty acre tract of land located in the R.W. Wilbourn Survey, Abstract 308, in San Jacinto County, Texas (hereinafter "the Property"). Taylor alleged that he was seeking a judgment to "clear Plaintiffs' title" and seeking to remove a "cloud on title" to the Property. Taylor alleged that the Langhams acquired their title to the Property "unlawfully." Taylor further alleged that "[a]t all times mentioned herein, Plaintiff [Taylor] and her predecessors in title were, by deed of record dated the 15th day of August, 2005, and still are, the lawful owners in fee simple" of the Property. Taylor did not include a claim for adverse possession in
_____
globally as "Plaintiffs." Earnest Taylor argues in his responses to the motions for summary judgment and on appeal that he is acting with a power of attorney for his mother, "Frankie Taylor." We collectively reference Earnest Taylor and Frankie Taylor as "Taylor" or appellant, and we use a masculine pronoun, where appropriate.

the Original Petition. Taylor did not attach a copy of the referenced August 15th Deed or provide a recording reference thereto.

On or about September 22, 2011, the Langhams filed an answer and asserted they were not guilty of trespass, and they also included a general denial to the Original Petition. The Langhams also served a Demand for Abstract of title on Taylor. On or about January 9, 2013, the Langhams filed a Traditional and No-Evidence Motion for Final Summary Judgment (hereinafter the "initial MSJ"), which was set for a hearing on January 30, 2013. In the initial MSJ, the Langhams argued that, as a matter of law, they hold lawful and superior title to and ownership of the Property, that there is no genuine issue of any material fact, and that Taylor has no evidence to support any of his claims. The Langhams alleged that they could

> trace their chain of title in the undivided one-half interest in the Property to a common source - that being JH and Willie Nicholson in 1929. This documented chain of title from San Jacinto County affirmatively and conclusively proves Defendants' rightful and legal indefeasible title to the Property. Therefore, there are no genuine issues of material fact and summary judgment should be granted and the Plaintiff's suit to quiet title should be dismissed as a matter of law, as it is frivolous. Defendants, through their summary judgment evidence have established their ownership and right to the Property.

The Langhams attached several documents including a land survey, an affidavit of heirship, an affidavit from a title examiner regarding title to the Property, and

3

certified copies of the deeds and other documents pertaining to their chain of title. The Langhams also attached an affidavit from a landman who conducted a title search on the property and found the following: (1) On December 12, 1929, Jeff Cochran, by and through the administrator of his estate, J.M. Hansbro, sold and conveyed a full undivided interest in the Property to JH and Willie Nicholson; (2) On March 21, 1934, JH and Willie Nicholson sold and conveyed an undivided one-half interest in the Property to Isom V. Johnson, Sr.; (3) Isom V. Johnson, Sr. owned the undivided one-half interest in the Property until he died in October 1941, and his interests in the Property passed to his only surviving heir, his son, Isom V. Johnson, Jr.; and (4) On or about August 30, 2004, Isom V. Johnson Jr., sold and conveyed the undivided one-half interest in the Property to the Langhams.

On January 18, 2013, Taylor filed a Motion for Continuance with respect to the hearing on the initial MSJ, arguing that he needed more time to "hire an attorney" and to "[r]eview and gather documents[.]"The trial court granted the Motion for Continuance, and reset the hearing. On April 9, 2013, which was one week before the hearing on the initial MSJ, Taylor filed a document styled as "Clarification and Supplementation of Original Petition," wherein Taylor alleged that:

Plaintiffs would clarify that the first basis for their ownership of the 40 acres in contest is the 25 year adverse possession of this land. The second basis for non ownership by Isom V. Johnson Sr. & Jr[.] is that they never fulfilled their financial obligation under which they claim ownership. They never in fact paid any consideration for any transfer of land to them. Rather they wholly defaulted in the initial attempt to buy this land.

. . . .

Both JH Nicholson and Calvin Johnson the two mainstays on this land became disgusted with the I. Johnsons and adverse [sic] possessed against them. Earnest Taylor continued the adverse possession to the present. There has never been a break in such adverse [sic] since the 1930's.

Plaintiff file [sic] this document to clarify and expand on their original pleadings. These very allegations were understood []to be [sic] their pleaded position and this is to clarify and give certainty to their pleaded position.

On that same date, Taylor also filed a response to the initial MSJ, an Affidavit in Support thereof, and a Motion for Default Judgment. On April 17, 2013, the Langhams filed a Response to the Motion for Default Judgment, and also filed Objections to Taylor's Summary Judgment Evidence and subject thereto filed a Reply to Plaintiffs' Response to Defendants' Traditional and No-Evidence Motion for Final Summary Judgment.

On April 17, 2013, the court held a hearing on the initial MSJ, entered an Interlocutory Order granting the initial MSJ as to the title to the Property, and

5

expressly found that the Langhams "have established that they have good and indefeasible title to an undivided one-half (1/2) interest in and to the surface of the Property[.]" The trial court noted, however, on the face of the Order that "the Plaintiffs have reserved their right to challenge that title by their claims of adverse possession."[2]

On December 17, 2013, the Langhams filed another motion for summary judgment which was styled as "Defendants Jeff Langham and Brenda Langham's No-Evidence Motion for Final Summary Judgment" (hereinafter the "December MSJ") wherein they argued that Taylor had no evidence to support an adverse possession claim, and they attached a copy of the land survey, a copy of the initial MSJ (with copies of the attached exhibits), and a copy of the Interlocutory Order.

On January 7, 2014, Taylor filed a "Response/Legal Memorandum Reurging the Original Response to Second Identical Motion," which also included a reference to the previous affidavit Taylor filed in response to the initial MSJ. Thereafter, on March 4, 2014, the Langhams hand-delivered a copy of their "First Amended No-Evidence Motion for Final Summary Judgment and Motion to Show

---

[2]At the inception of this lawsuit, Plaintiff was prosecuting his claim *pro se.* However, at Defendants' summary judgment hearing on April 17, 2013, Mr. John P. Mustachio appeared and represented to the court that he would be counsel for Taylor.

Authority Pursuant to Rule 12" (hereinafter "the First Amended MSJ") to Taylor's attorney. On that same date, Langham also served Taylor with an Amended Notice of Hearing, indicating a hearing on the no evidence motion for summary judgment was set for March 26, 2014. In the First Amended MSJ, the Langhams argued that Taylor "has no evidence to substantiate a claim for adverse possession," and that Taylor has presented "no evidence of standing to assert an adverse possession claim." Additionally, the Langhams included a Rule 12 Motion to Show Authority.

The Langhams also contend on appeal that in addition to hand-delivering the First Amended MSJ and the Amended Notice of Hearing to Taylor on March 4, 2014, they e-mailed both documents to the clerk of court for filing on March 4, 2014. Nevertheless, the file-stamped copies of the First Amended MSJ and the Amended Notice of Hearing that appear in the clerk's record reflect a file stamp of March 11, 2014. After the clerk's record was filed with this Court, the Langhams also sent a letter to the district clerk asking the clerk to supplement the record with the e-mail from the Langhams to the court coordinator to show they sent the First Amended MSJ and Amended Notice of Hearing to the court coordinator by e-mail for filing on March 4, 2014. The clerk has not supplemented the record.[3]

---

[3]Taylor admits that he received the First Amended MSJ and the Amended Notice of Hearing on March 4, 2014. In his brief he states "Appellant's counsel

7

On March 18, 2014, the Langhams filed a "First Amended Verified Answer." That same day, Taylor filed a "Motion to Strike Late Filed Amended Answer of Defendants," arguing that the First Amended Answer was untimely filed because it was filed "within thirty days of the trial." Taylor also filed a document styled as "Plaintiff's Response/Legal Memorandum Reurging the Original Response to Second Identical Motion." On March 26, 2014, the day of the hearing on the no evidence motion for summary judgment, the Langhams filed their reply to Taylor's response to the First Amended MSJ. Following an oral hearing wherein both parties appeared with counsel, the trial court signed a Final Judgment on March 26, 2014. The Final Judgment reads as follows:

<u>Final Judgment</u>

The Court having considered the No Evidence Motion for Summary Judgment filed by Defendants Jeff Langham and Brenda Langham is of the opinion that it should be in all things **GRANTED.**

Defendants Jeff and Brenda Langham, through their proof, have established as a matter of law that they have good, marketable and indefeasible title to an undivided one-half (1/2) interest in and to the surface of the Property known as:

_____

was served with a copy of the First Amended Motion for Summary Judgment on March 4, 2014 and assumed it had been filed the same date, now in the course of this Brief Counsel has determined that the real date of filing [with the clerk] was March 11, 2014." Taylor also admits in his brief that he did not object at the hearing to the "untimely" filing of the First Amended MSJ.

8

80.9185 acres of land, more or less, out of the R.W. Willbourn Survey, Abstract 308, San Jacinto County, Texas, being all of that certain 81.3 acre tract described in a deed from James H. Nicholson and wife Willie Nicholson to Isom Johnson, dated February 8, 1932 recorded in Volume 29, page 398 of the Deed of Records of San Jacinto County, Texas and being more accurately described by metes and bounds description as described in Exhibit A to this Final Judgment which is incorporated herein by reference for all purposes.

The Court further **ORDERS** that all claims filed by Plaintiff Earnest Taylor as Lawful Power of Attorney for Frankie Taylor against Jeff Langham and Brenda Langham are denied in their entirety as a matter of law with prejudice and are dismissed as a matter of law.

This order shall serve as a Final Appealable Judgment. All costs shall be borne by the parties bearing same. All relief not expressly granted herein is denied. This Final Judgment shall also serve as a muniment of title.

Taylor timely filed a Notice of Appeal.

ISSUES ON APPEAL

On appeal, Taylor asserts five issues. In his first issue, Taylor contends there are "fact questions which are supported by the [a]ppellant's affidavits filed in opposition to the [m]otions for summary judgment." In his second issue, appellant argues that the December MSJ "is not supported by the pleadings[]" because the "original unverified answer raised only a not guilty issue and a general denial[,]" and the "[First] [A]mended [A]nswer was filed . . . 8 days before the hearing" and "is disqualified under the 21 day rule." In his third issue, appellant argues "[t]he

9

only timely notice of 21 days given by appellee" was the December MSJ and it was not a "live pleading having been superseded and abandoned" by the First Amended MSJ. In his fourth issue, appellant argues that the First Amended MSJ which was not filed until March 11, 2014, which is less than twenty-one days before the hearing, is "disqualified from consideration because no notice was given at all or no notice of 21 days was given." Finally, in his fifth issue, appellant contends that neither the filing of the "[First Amended MSJ] on 3/11/14 and . . . [the First] Amended Answer on 3/18/14 which legally superseded the original general denial answer and superseded the [initial MSJ] neither of which were ripe for hearing on March 26, 2014, and both were disqualified for improper filing 21 days before trial[,]" and therefore there is no support for the summary judgment issued by the court.

## STANDARD OF REVIEW

We review a trial court's summary judgment de novo. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 156 (Tex. 2004). To prevail on a traditional motion for summary judgment, the movant must show "there is no genuine issue as to any material fact and the [movant] is entitled to judgment as a matter of law[.]" Tex. R. Civ. P. 166a(c); *accord Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985). In our review of the trial court's judgment, we examine "the

10

evidence presented in the motion and response in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not." *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009); *see City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). "We indulge every reasonable inference and resolve any doubts in the nonmovant's favor." *Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999); *accord Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 756 (Tex. 2007) (per curiam). A defendant moving for traditional summary judgment must conclusively disprove at least one essential element of each of the plaintiff's claims. *Elliott-Williams Co. v. Diaz*, 9 S.W.3d 801, 803 (Tex. 1999); *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 476-77 (Tex. 1995).

We review a no-evidence summary judgment using a legal sufficiency standard. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750-51 (Tex. 2003). "We review the evidence presented by the motion and response in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not." *Mack Trucks,*

11

*Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006) (citing *City of Keller*, 168 S.W.3d at 827). A trial court may not properly grant a no-evidence motion for summary judgment if the non-movant's summary judgment evidence contains "more than a scintilla of probative evidence to raise a genuine issue of material fact[.]" *Smith v. O'Donnell*, 288 S.W.3d 417, 424 (Tex. 2009); *see* Tex. R. Civ. P. 166a(i). When evidence is so weak as to do no more than create a surmise or suspicion of the matter to be proved, the evidence is "'no more than a scintilla and, in legal effect, is no evidence.'" *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 601 (Tex. 2004) (quoting *Kindred v. Con/Chem, Inc.*, 640 S.W.2d 61, 63 (Tex. 1983)). Under the no-evidence standard, a defendant may move for summary judgment after adequate time for discovery on the ground that there is no evidence of one or more essential elements of a claim on which the plaintiff would have the burden of proof at trial. *See* Tex. R. Civ. P. 166a(i).

When the trial court does not specify the grounds on which it granted a summary judgment, we will affirm the judgment if any of the theories presented to the trial court are meritorious. *Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003). As the movant on the motions for summary judgment, the Langhams had the burden to conclusively negate at least one element of Taylor's adverse possession cause of action or to conclusively establish all elements of an

12

affirmative defense. *See Little v. Tex. Dep't of Crim. Justice*, 148 S.W.3d 374, 381 (Tex. 2004); *Pustejovsky v. Rapid-American Corp.*, 35 S.W.3d 643, 645-46 (Tex. 2000).

### NOTICE OF HEARING, FILING OF FIRST AMENDED MOTION FOR NO-EVIDENCE SUMMARY JUDGMENT AND FIRST AMENDED ANSWER

We first address Taylor's third and fourth issues in which he contends that the trial court could not consider the Langhams' First Amended MSJ because it was not timely filed and that Taylor did not receive twenty-one-days' notice before the hearing, and that the trial court could not consider the December MSJ because the untimely filed First Amended MSJ had "superseded" it. The record reflects and Taylor admits on appeal that the Langhams hand-delivered  a copy of the First Amended MSJ and a notice of the hearing to Taylor on March 4, 2014, twenty-two days before the hearing which was held on March 26, 2014. Nevertheless, the First Amended MSJ was not file stamped into the clerk's record until March 11, 2014. The Langhams argue on appeal that they also e-mailed the First Amended MSJ and notice to the clerk of court for filing on March 4, 2014, and they attached a copy of an affidavit and an e-mail to an appendix with appellee's brief.

We may not consider documents in appendices that are not also in the appellate record. *In re Guardianship of Winn,* 372 S.W.3d 291, 297 (Tex. App.–

13

Dallas 2012, no pet.); *Jarvis v. Field,* 327 S.W.3d 918, 932 n.4 (Tex. App.–Corpus Christi 2010, no pet.). Under the Rules of Appellate Procedure, a party or the court can request the trial court clerk to supplement the appellate record with missing items. *See* Tex. R. App. P. 34.5(c). Appellees sent a letter to the district clerk requesting the clerk to supplement the record with a copy of the e-mail in question. To date the district clerk has not supplemented the record or responded to the request. We also have no evidence in the clerk's record that indicates the San Jacinto County District Clerk accepted the "filing" of the First Amended MSJ by e-mail. Therefore, we have not considered the documents contained in the Appellees' appendix.

Texas Rule of Civil Procedure 166a(c) states: "Except on leave of court, with notice to opposing counsel, the motion and any supporting affidavits shall be filed and served at least twenty-one days before the time specified for hearing." Tex. R. Civ. P. 166a(c). The Rules of Civil Procedure also provide that if any document is sent to the proper clerk by first-class United States mail in an envelope or wrapper properly addressed and stamped and is deposited in the mail on or before the last day for filing same, the document shall be considered timely filed, as long as the clerk of court receives the document not more than ten days thereafter. Tex. R. Civ. P. 5. A legible postmark affixed by the United States Postal

14

Service ("USPS") shall be prima facie evidence of the date of mailing. *Id*. Our Supreme Court has also promulgated certain e-filing procedures allowing parties to electronically file documents with an "electronic filing service provider" (EFSP) which means a business entity that provides electronic filing services and support to its customers (filers). Rule 21(f) of the Texas Rules of Civil Procedure outlines the e-filing procedures in part as follows:

> (f) *Electronic Filing.*
>
> (1) Requirement. Except in juvenile cases under Title 3 of the Family Code, attorneys must electronically file documents in courts where electronic filing has been mandated. Attorneys practicing in courts where electronic filing is available but not mandated and unrepresented parties may electronically file documents, but it is not required.
>
> (2) Email Address. The email address of an attorney or unrepresented party who electronically files a document must be included on the document.
>
> (3) Mechanism. Electronic filing must be done through the electronic filing manager established by the Office of Court Administration and an electronic filing service provider certified by the Office of Court Administration.

Tex. R. Civ. P. 21(f). The appellees do not argue that they filed the First Amended MSJ by hand-delivery, or first class mail with the USPS, or that they complied with the electronic filing requirements of Rule 21(f). Rather, the appellees argue that they e-mailed the First Amended MSJ to the clerk of the trial court via an e-

15

mail address. The appellate record before us provides no evidence of the alleged e-mail, or whether or not the First Amended MSJ was attached to an e-mail and forwarded to the clerk of court, or whether or not the clerk of court actually received the e-mail, or related details. The clerk's file stamp is prima facie evidence of the date of filing, but the presumption it raises may be rebutted. *Dallas Cnty. v. Gonzales*, 183 S.W.3d 94, 103 (Tex. App.—Dallas 2006, pet. denied) (citing *Mr. Penguin Tuxedo Rental & Sales, Inc. v. NCR Corp.*, 787 S.W.2d 371, 371-72 (Tex. 1990) (per curiam)). The appellate record before us provides no evidence that rebuts the presumption that the First Amended MSJ was not "filed" until March 11, 2014.

Accordingly, although the First Amended MSJ was timely served upon Taylor, based upon the record before us, and the presumption that the file stamp on the First Amended MSJ reflects the date the document was filed with the clerk of court, we find that the First Amended MSJ was *filed* with the district clerk less than twenty-one days before the time specified for the hearing. Therefore, we must presume that the trial court did not consider the late filed First Amended MSJ. There is no reporter's record in this case and there is no indication in the appellate

16

record or in the Final Judgment that the trial court actually considered the First Amended MSJ.[4]

The trial court's Final Judgment expressly stated: "The Court having considered the No Evidence Motion for Summary Judgment filed by Defendants Jeff Langham and Brenda Langham is of the opinion that it should be in all things **GRANTED**." The trial court did not include any language in the Final Judgment that would allow us to conclude on appeal that the trial court considered the First Amended MSJ. Therefore, it must be presumed that the trial court did not consider the First Amended MSJ. *INA of Tex.*, 686 S.W.2d 614, 615 (Tex. 1985).

Taylor argues that the untimely filed First Amended MSJ supplants and replaces the December MSJ, and therefore the December MSJ became a nullity and there was nothing on file for the trial court to consider or grant at the time of the Summary Judgment hearing. We disagree. Because the First Amended MSJ

---

[4]Appellate courts apply different presumptions to an amended answer filed less than seven days before a summary judgment hearing than the presumptions applicable to late filed summary judgment responses or late filed evidence. *See Goswami v. Metropolitan Sav. & Loan Ass'n*, 751 S.W.2d 487, 491 n.1 (Tex. 1988). In the case of a late filed answer, the appellate court will generally presume the trial court granted leave for a late filed pleading absent some showing to the contrary. In contrast, as "stated in *INA of Tex. v. Bryant*, 686 S.W.2d 614, 615 (Tex. 1985), when nothing appears of record to indicate that the late filing of the written response was with leave of court, it must be presumed that the trial court did not consider the response." *Id.*

was untimely filed into the record as evidenced by the file-stamped copy reflecting a date of March 11, 2014, and there is no indication in the record that the Langhams sought leave to file the First Amended MSJ or that the trial court considered the late filed motion, we presume the trial court did not consider it. Therefore, the December MSJ remained before the trial court as the live motion for summary judgment.[5] *See Johnston v. Vilardi*, 817 S.W.2d 794, 796 (Tex. App.— Houston [1st Dist.] 1991, writ denied) (holding that because appellant filed an untimely amended response to appellee's motion for summary judgment, it could consider only appellant's original response); *see generally ENGlobal U.S., Inc. v.*

[5]Taylor does not challenge the timeliness or filing of the December MSJ which was styled as a No-Evidence Motion for Final Summary Judgment and filed by the Langhams on December 17, 2013. Furthermore, Taylor affirmatively states in his appellate brief that "[t]he only timely notice of 21 days given by appellee was the Original Motion for No Evidence Summary Judgment filed 12/17/13. . . . that was set for hearing on March 26, 2014." We note that in his discussion of his second issue, and then again generally in his global discussion of his third, fourth, and fifth issues, Taylor contends on appeal that *Sams v. N.L. Industries, Inc.*, 735 S.W.2d 486 (Tex. App.—Houston [1st Dist.] 1987, no writ) and cases cited therein require a reversal of the trial court's summary judgment. In *Sams*, the First Court of Appeals held that by including two additional grounds for the summary judgment in the Reply, the appellee filed "what is essentially a new motion for summary judgment" and therefore the employee was entitled to the mandatory twenty-one day notice for the Reply which he did not receive. In the case at bar, Taylor admits he received twenty-two days' notice of the First Amended MSJ, and then also admits he received timely notice of the December MSJ. Because we must assume that the trial court in granting the summary judgment only considered the December MSJ, and Taylor acknowledges he received timely notice of the December MSJ, the reasoning outlined in *Sams* does not apply.

18

*Gatlin*, 449 S.W.3d 269, 277 n.5 (Tex. App.—Beaumont 2014, no pet.) (noting that "[a]s a general rule, '[a] plaintiff's *timely filed* amended pleading supersedes all previous pleadings and becomes the controlling petition in the case regarding theories of recovery[]'") (emphasis added) (quoting *Elliott v. Methodist Hosp.*, 54 S.W.3d 789, 793 (Tex. App.—Houston [1st Dist.] 2001, pet. denied)). Issues three and four are overruled.

In his second issue, Taylor contends that the December MSJ is not supported by the pleadings because he argues that the original answer raised only a not guilty issue and general denial and the Langhams' first amended answer which was filed eight days before the hearing should be "disqualified under the 21 day rule." Taylor further contends that the Amended Answer was filed only eight days before the hearing on the Motion for Summary Judgment, and the "New Motion for Summary Judgment [filed] on 3/11/14 and a New 1ˢᵗ Amended Answer on 3/18/14" superseded the original answer and previous motions for summary judgment, and "the Summary Judgment of 3/26/14 has no legal standing or support under the law." We disagree.

Taylor conflates the twenty-one day requirement for notice of the hearing as set forth in Rule 166a(c) upon the filing requirements for amended pleadings. Rule 63 of the Texas Rules of Civil Procedure provides that "[p]arties may amend their

19

pleadings, . . . by filing such pleas with the clerk at such time as not to operate as a surprise to the opposite party; provided, that any pleadings, responses or pleas offered for filing within seven days of the date of trial or thereafter, or after such time as may be ordered by the judge under Rule 166, shall be filed only after leave of the judge is obtained[.]" Tex. R. Civ. P. 63. In the context of an amended petition, if the amendment is not timely and is not allowed by the trial court, the amended pleading does not supersede the prior pleading, and a summary judgment movant need not amend or supplement the summary judgment motion to address the amendment. *Mensa-Wilmot v. Smith Int'l, Inc.*, 312 S.W.3d 771, 779-80 (Tex. App.—Houston [1st Dist.] 2009, no pet.). The seven-day limitation in Rule 63 also applies to amendments to pleadings that are made before a hearing on a motion for summary judgment. *Fletcher v. Edwards*, 26 S.W.3d 66, 74 (Tex. App.—Waco 2000, pet. denied); *Leche v. Stautz*, 386 S.W.2d 872, 873 (Tex. Civ. App.—Austin 1965, writ ref'd n.r.e.) (stating a summary judgment proceeding is a trial within meaning of Rule 63). We conclude that the amended answer which was filed by the Langhams eight days before trial was timely filed under Rule 63 and further that the December MSJ is supported by the Langhams' pleadings. We overrule Taylor's second issue.

20

In his fifth issue, Taylor argues that the Appellees have created "a legal disqualification for a summary judgment in that they filed a New Motion for Summary Judgment on 3/11/14 and a New []1ˢᵗ Amended Answer on 3/18/14" which Taylor argues then superseded the original answer and previous motions for summary judgmnet and that "the Summary Jud[g]ment of 3/26/14 has no legal standing or support under the law." Taylor grouped issues three, four, and five together and he presents no additional analysis or argument to support this issue. For the same reasons as outlined above in overruling issues two, three, and four, we also overrule Taylor's fifth issue.

MERITS OF THE NO EVIDENCE MOTION

Having overruled Taylor's second, third, fourth, and fifth issues, we now consider Taylor's first issue which essentially requires us to consider the merits of the December MSJ. More specifically, Taylor contends that fact questions were raised by the affidavit he filed in opposition to the motion for summary judgment. On appeal, Taylor does not specify the nature of the "fact questions" or exactly how the unspecified "fact questions" provide a genuine issue of a material fact. Elsewhere in his brief, Taylor alleges that Taylor holds "priority of title by adverse possession against the Appellee's sellers/predecessors in title to the 40 [sic] acres in issue." Taylor refers to the property as "40 acres in issue" without any

21

explanation of how the undivided one-half interest in the eighty acre tract became "40 acres in issue." Based upon the uncontroverted facts and unchallenged findings of the trial court, the Langhams hold an undivided one-half interest in the eighty acre tract, as cotenants. An undivided possessory interest in property is a tenancy in common and the owners are referenced as cotenants. *Rittgers v. Rittgers*, 802 S.W.2d 109, 113 (Tex. App.—Corpus Christi 1990, writ denied); *Freeman v. Southland Paper Mills, Inc.*, 573 S.W.2d 822, 824 (Tex. Civ. App.—Beaumont 1978, writ ref'd n.r.e.).[6]

Taylor has not challenged the ruling of the trial court that

> Defendants Jeff and Brenda Langham, through their proof, have established . . . that they have good, . . . and indefeasible title to an undivided one-half (1/2) interest in and to the surface of the Property known as:
>
>> 80.9185 acres of land, more or less, out of the R.W. Willbourn Survey, Abstract 308, San Jacinto County, Texas, being all of that certain 81.3 acre tract described in a deed from James H. Nicholson and wife Willie Nicholson to Isom

---

[6]Cotenants may either voluntarily agree to partition land by written agreement or seek a court order to divide their interest and sever their rights of possession and thereafter hold exclusive possession of specific parts of property to which all joint owners had an equal right of possession prior to partition. *Garza v. Cavazos*, 221 S.W.2d 549, 552 (Tex. 1949); *Ruff v. Brown*, 446 S.W.2d 103, 112 (Tex. Civ. App.—Texarkana 1969, no writ). However, all cotenants must participate in a voluntary partition. *Joyner v. Christian*, 113 S.W.2d 1229, 1232-33 (Tex. 1938); *State v. Kirkpatrick*, 299 S.W.2d 394, 397 (Tex. Civ. App.—Dallas 1957, writ ref'd n.r.e.); *see also* Tex. Prop. Code Ann. § 23.001 (West 2013).

22

> Johnson, dated February 8,1932 recorded in Volume 29, page
> 398 of the Deed of Records of San Jacinto County, Texas[.]

Taylor does not dispute on appeal that the Langhams' survey, deeds, and affidavit of heirship establish they acquired by deed the same undivided interest previously held by Isom Johnson.

Rather, Taylor argues that his affidavit created a fact question relating to his claim of "adverse possession" and Taylor requests in his appellate brief that this Court should "refer to" the "case [r]ecords" and he cites the Court generally to his affidavits, pleadings, and briefing that he filed in the trial court. The Appellees argue that Taylor has waived this issue on appeal because this global reference to trial court documents amounts to inadequate briefing and lacks a "succinct, clear, and accurate statement of the arguments made in the body of the brief[]" in violation of Rule 38.1(h) of the Texas Rules of Appellate Procedure. *See* Tex. R. App. P. 38.1(h); *see generally Kuykendall v. State*, 335 S.W.3d 429, 436 (Tex. App.—Beaumont 2011, pet. ref'd). While we agree that Taylor's brief lacks a succinct and clear statement and argument in the body of the brief that would establish the specific "fact issue" in question, we find it unnecessary to decide this issue based upon the failure of Taylor to comply with Rule 38.1(h) because we conclude that the affidavit submitted by Taylor in response to the December MSJ

does not amount to even a scintilla of credible evidence that would create a genuine issue of material fact that would preclude the granting of the summary judgment.

More specifically, because Taylor's underlying claim is based upon what he characterized as "priority of title by adverse possession," and because the Langhams' December MSJ expressly challenged each of the elements of his adverse possession claim, in response to the motion for summary judgment and now on appeal, Taylor must establish that he presented at least a "scintilla of evidence" to support each of the necessary elements of his adverse possession claim.

An adverse possession claimant must hold real property in adverse possession and cultivate, use, or enjoy it for more than the required time limits as specified in the applicable statute. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 16.025, 16.026, 16.027 (West 2002). Adverse possession is defined by statute as "an actual and visible appropriation of real property, commenced and continued under a claim of right that is inconsistent with and is hostile to the claim of another person." *Id.* § 16.021(1) (West 2002). In his supplemental petition Taylor asserted that his claim for adverse possession is pursuant to the twenty-five year statute.

Section 16.027 of the Texas Civil Practice and Remedies Code reads as follows:

**§ 16.027. Adverse Possession: 25-Year Limitations Period Notwithstanding Disability**

A person, regardless of whether the person is or has been under a legal disability, must bring suit not later than 25 years after the day the cause of action accrues to recover real property held in peaceable and adverse possession by another who cultivates, uses, or enjoys the property.

*Id.* § 16.027. Title to property by adverse possession is said to "mature" when the applicable statutory limitations period expires. *See generally Gandy v. Culpepper*, 528 S.W.2d 333, 337 (Tex. Civ. App.—Beaumont 1975, no writ). On appeal, Taylor has not challenged the finding of the trial court that the Langhams acquired an undivided one-half interest in the eighty acre tract, and that the Langhams hold good and defeasible title thereto. Taylor does not dispute that the Langhams, and their predecessor in title, Isom Johnson, Jr. and Isom Johnson, Sr., are cotenants on the property. Rather, Taylor contends in his affidavit and response to the motion for summary judgment that neither Isom Johnson Sr. nor Jr. ever paid anyone for their undivided one-half interest, that neither paid taxes on the eighty acres, that Isom Johnson abandoned the land, and that Taylor's predecessors in title paid the taxes and used and cultivated the land.

Possession and use by a cotenant is presumed to be in recognition of common title, and a cotenant cannot claim title by adverse possession unless the cotenant clearly repudiates title of his cotenant and is holding the property adversely to the cotenant. *See Calfee v. Duke*, 544 S.W.2d 640, 641-42 (Tex. 1976). Cotenants to an undivided estate have an equal right to "enter upon the common estate and a corollary right to possession." *Dyer v. Cotton*, 333 S.W.3d 703, 712 (Tex. App.—Houston [1st Dist.] 2010, no pet.) (quoting *Byrom v. Pendley*, 717 S.W.2d 602, 605 (Tex. 1986)). Therefore, a cotenant seeking to establish title by adverse possession must prove, in addition to the usual adverse possession requirements, an ouster of the cotenant not in possession or a repudiation of the co-tenancy relationship. *Id.* "Possession by one co-tenant, or by one claiming under a co-tenant, is not sufficient to give notice of a claim by that co-tenant adverse to the interest of the other co-tenant." *Gibraltar Sav. Ass'n v. Martin*, 784 S.W.2d 555, 559 (Tex. App.—Amarillo 1990, writ denied). Exclusive use and possession of the property for long periods of time is common in a co-tenancy relationship and usually occurs "with the acquiescence of the other cotenants." *Todd v. Bruner*, 365 S.W.2d 155, 159 (Tex. 1963). The party claiming property by adverse possession against a cotenant "must prove actual or constructive notice of the ouster, and the clear, unequivocal, and unmistakable

repudiation of the common title." *Frazier v. Donovan*, 420 S.W.3d 463, 467 (Tex. App.—Tyler 2014, no pet.).

In the December MSJ, the Langhams asserted that there is no evidence that either Taylor or her predecessors had actual possession of the property, or that Taylor had peaceable possession of the property under a claim of right, or that Taylor consistently and continuously maintained possession adverse and hostile to the claim of any cotenant, including the predecessor in title to the Langhams, during any applicable statutory period, or that Taylor repudiated the co-tenancy relationship or provided notice of that repudiation to the Langhams or their predecessors in title. The Langhams further challenged and objected to Taylor's affidavit for various reasons, including hearsay, the Deadman's Statute, and conclusory statements. However, the record before us is silent as to whether or not the trial court ruled on the objections to the affidavit.

The granting of a summary judgment motion "does not necessarily provide an implicit ruling that either sustains or overrules the objections to the summary judgment evidence.'" *Gonzalez v. VATR Constr. LLC*, 418 S.W.3d 777, 783 (Tex. App.—Dallas 2013, no pet.) (quoting *Allen v. Albin*, 97 S.W.3d 655, 663 (Tex. App.—Waco 2002, no pet.)). Objections to the "form" of summary judgment evidence are preserved for appellate review only if such objections are made and

27

ruled on in the trial court, while objections to the "substance" of summary judgment evidence do not require a ruling from the trial court and may be raised for the first time on appeal. *Id*.; *Stewart v. Sanmina Tex. L.P.*, 156 S.W.3d 198, 207 (Tex. App.—Dallas 2005, no pet.); *Choctaw Props., L.L.C. v. Aledo Indep. Sch. Dist.*, 127 S.W.3d 235, 241 (Tex. App.—Waco 2003, no pet.). We cannot imply a ruling on the Langhams' objections from this record. *See Choctaw Props.*, 127 S.W.3d at 241; *Allen*, 97 S.W.3d at 663.

We find it unnecessary to determine whether the Langhams' objections to the affidavits were objections to "form" or "substance" because even if we assume that all of the statements made in the affidavits were true, and that the objections thereto were to form and thereby waived, the affidavits filed by Taylor in opposition to the no evidence motions for summary judgment simply fail to create a scintilla of evidence to support his adverse possession claim. Nothing in the affidavits filed by Taylor established any evidence that any cotenant clearly repudiated the co-tenancy relationship and provided notice of the repudiation to either the Langhams or their predecessors in interest. *See Frazier*, 420 S.W.3d at 467. Reviewing the basis for the December MSJ and the evidence presented by the Langhams attached to the December MSJ, as well as Taylor's response filed thereto in the light most favorable to Taylor, we conclude that the evidence is so

28

weak as to do no more than create a surmise or suspicion of the matter to be proved, and the evidence is "'no more than a scintilla and, in legal effect, is no evidence.'" *Ford Motor Co.,* 135 S.W.3d at 601 (quoting *Kindred*, 650 S.W.2d at 63). Because Taylor produced no evidence on a necessary element of his adverse possession claim, the trial court did not err in granting the no-evidence summary judgment in favor of the Langhams. Issue one is overruled. Having overruled all of appellant's issues, we affirm the summary judgment granted by the trial court.

AFFIRMED.

_____
LEANNE JOHNSON
Justice


Submitted on November 21, 2014
Opinion Delivered April 2, 1015

Before McKeithen, C.J., Kreger and Johnson, JJ.

29